# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>    vs.<br>JOHN EDWARD EMERSON,<br><br>                                    Defendant. | CASE NO. 06cr1431WQH<br>                  09cv2238WQH<br><br>ORDER |

HAYES, Judge:

The matters pending before the Court are the following motions filed by Defendant John Edward Emerson: 1) the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 63);  2) the motion for return of property (ECF No. 81);  3) the motion to amend and supplement pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure (ECF No. 83); and 4)  the motion to amend and supplement pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure (ECF No. 88).

## FACTS

On June 8, 2006, Defendant was arrested at the San Ysidro Port of Entry driving a 1990 Ford Aerostar van equipped with a specially-built compartment underneath the carriage of the van. Defendant purchased the van approximately one week before his arrest. At some point during the week prior to his arrest, Defendant obtained a false registration for the van. The compartment ran underneath the driver's side of the vehicle, extending beneath the driver's

1 seat toward the rear of the van, almost to the rear axle. Inside the van, the top of the
2 compartment was open and exposed behind the driver's side of the vehicle. The carpeting on
3 the floor of the van had been detached from its mooring to facilitate entry and exit from the
4 compartment. The compartment could be concealed by screwing in a metal sheet over a
5 portion of the opening, placing the detached carpeting loosely over the remaining portion of
6 the compartment and installing a bench seat directly over the middle of the compartment.[1]

7 Defendant approached the primary inspection booth driving the van and told the
8 primary inspector that he was not bringing back anything from Mexico. Defendant was
9 referred to secondary. The officer conducting the secondary inspection opened the passenger
10 side cargo door and immediately noticed the carpet had been pulled up. The officer went to
11 the area of the van directly behind the driver's seat, where the carpet appeared to be pulled up.
12 The officer lifted the loose corner of the carpet and observed jeans belonging to a person. The
13 officer was immediately concerned with rescuing the person in the compartment. In order to
14 remove the person from the compartment, the officer removed the bench seat obstructing
15 access to the compartment. The officer pulled back the carpet exposing the metal plate that
16 partially covered the opening of the compartment, removed two screws from the sheet metal,
17 and pried off the sheet metal allowing her to remove the person from the compartment. The
18 person removed from the compartment in the van was a citizen of Mexico with no permission
19 to enter the United States.

20 Defendant was placed under arrest and informed of his *Miranda* rights. In a subsequent
21 interview, the Defendant stated that he purchased the van one week before his arrest from an
22 unknown individual in Mexico and that he paid $15.00 to have someone register the vehicle
23 for him. Defendant stated that he had driven the van into Mexico earlier that day and left the
24 van in a parking lot with the keys inside, that he visited several bars, and that he retrieved the
25 van and drove into the United States. Defendant denied knowledge of the alien inside the van.
26 On June 27, 2006, the grand jury returned a two count indictment charging the

27 ─────────────
28 [1]Defendant has moved the Court to order the return of his 1990 Ford Aerostar on the grounds that it was illegally seized without due process of law. Based upon the verdict of the jury, this motion is denied.

Defendant in Count One with bringing in an illegal alien for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and aiding and abetting, in violation of 18 U.S.C. § 2; and in Count Two with bringing in an illegal alien without presentation to an immigration officer, in violation of 8 U.S.C. §1324(a)(2)(B)(iii). The same day, attorney Dorn G. Bishop was substituted as appointed counsel of record for the Defendant.

Pretrial motions were filed.

On September 20, 2006, a jury trial was commenced. Testimony was taken and exhibits were received into evidence.

On September 22, 2006, the jury returned a verdict of guilty on both counts of the indictment.

On November 13, 2006, the Court relieved attorney Bishop and appointed Gary Burcham as counsel to represent the Defendant.

On January 9, 2007, the Court held a sentencing hearing. The Court found the total offense level 18, the Criminal History Category 4, and the sentencing guideline range 41 - 51 months. The Court considered the sentencing factors under 3553(a) and sentenced the Defendant to a term of imprisonment of 51 months and three year term of supervised release.[2]

Defendant appealed his conviction to the Court of Appeals for the Ninth Circuit on the grounds that the district court abused its discretion in denying his motion for a mistrial after the prosecutor argued that he was using the van for smuggling, that the district court abused its discretion by declining to instruct the jury that it must draw an adverse inference against the Government for the loss of any evidence (the bench seat of the van), and that the district court abused its discretion by removing factual argument from the "theory of defense" instruction.

In an unreported memorandum decision, the Court of Appeals affirmed Emerson's conviction. The Court of Appeals found no misconduct in the prosecutor's closing argument as the comment "[Defendant] was using [the load vehicle] for smuggling" accurately reflected the evidence introduced at trial. The Court of Appeals rejected Defendant's complaint that the

---

[2] Defendant has served his 51 month term of imprisonment and is currently serving the three year term of supervised release.

jury should have been instructed that it must draw an adverse inference against the Government for the loss of evidence and found that the Defendant's theory of the case instruction was adequately covered by the jury instructions. *United States v. Emerson*, 266 Fed.Appx. 695, 696-97, 2008 WL 410384 (9th Cir. 2008) (unpublished).

On October 7, 2009, the Defendant filed the motion to vacate judgment set aside or correct conviction and sentence pursuant to 28 U.S.C. § 2255.

## CONTENTIONS OF PARTIES

Defendant moves the Court to vacate his conviction on the following grounds: 1) prosecutorial misconduct, 2) ineffective assistance of trial counsel, 3) total lack of evidence, 4) ineffective assistance of appellate counsel, and 5) abuse of discretion. Plaintiff United States asserts that the Court should deny the motion on the grounds that issues which could have been raised on direct appeal cannot be the basis for relief under Section 2255. Plaintiff United States further asserts that Defendant's claims of ineffective assistance of trial counsel and appellate counsel are not supported by the record. Plaintiff United States asserts that the motion to vacate should be denied without an evidentiary hearing.

## ANALYSIS

28 U.S.C. § 2255 (2008) provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a) and (b). "Section 2255 is not designed to provide criminal defendants

repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." *United States v. Durham*, 767 F.2d 1395, 1397 (9th Cir. 1985). In *United States v. Skurdal*, 341 F.3d 921 (9th Cir. 2003), the Court of Appeals explained:

> If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error. Generally, to demonstrate cause for procedural default, an appellant must show that some objective factor external to the defense impeded his adherence to the procedural rule. However, if the record shows that an appellate counsel's performance fell below the standard of competency set forth in *Strickland v. Washington*, [], or that he was denied representation by counsel on appeal altogether, he has demonstrated cause for procedural default.

*Id.* at 925 (internal citations and quotations omitted).

## ANALYSIS

1) Prosecutorial Misconduct

Defendant contends that the prosecutor misled the jury by referring to the screw hole in the sheet metal plate as lost, referring to the Defendant as the principal offender, and deliberately withholding from the jury the fact that the alien would not be prosecuted in exchange for his testimony. The Government contends that the Defendant has procedurally defaulted these claims, except as a basis for his ineffective assistance of counsel claims.

The Court finds that each of the grounds raised relating to the performance of the prosecutor at trial could have been raised on direct appeal. The only issue raised on direct appeal related to a statement made by the prosecutor to the jury in closing argument that the Defendant "obtained a vehicle specifically designed for smuggling" and that "he was using it for smuggling." *Emerson,* 266 Fed.Appx. at 696. The Court of Appeals found the that the "government's statement accurately reflects the evidence introduced at trial" and that the Defendant was "unable to show that the government's statement affected the jury's ability to judge the evidence fairly." *Id.* 696-97 (internal quotation omitted). Defendant has not demonstrated cause or prejudice from this claim of error. The Court concludes that the additional claims of prosecutorial misconduct are foreclosed as a grounds for relief under Section 2255. *See Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975) ("Grounds which were apparent on original appeal cannot be made the basis for a second attack under § 2255.").

However, the failure to raise these issues may be claimed as a basis for ineffective assistance of counsel.

2) Ineffective Assistance of Trial Counsel

Defendant contends that his trial counsel rendered ineffective assistance on the grounds that he failed to file a motion to dismiss the indictment, failed to make proper objections to evidence presented at trial, and failed to properly examine the witnesses presented by the prosecution. Defendant further asserts that defense counsel failed to investigate and present the defenses of third party culpability and fabrication of evidence by government agents, and failed to properly investigate cell phone usage by the Defendant and the illegal alien. Defendant further contends that he was denied his rights under the Sixth Amendment because his defense counsel was formerly employed as a federal prosecutor.

The Government contends that tactical decisions at trial are properly reserved to defense counsel and that defense counsel in this case fulfilled his duties to investigate. The Government further asserts that the fact that defense counsel was a former government employee is not sufficient to establish a conflict of interest for ineffective assistance of counsel purposes.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of defense counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). "Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). The relevant inquiry is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Turner*

*v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002) (internal quotations omitted).  In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ...." *Strickland*, 466 U.S. at 689.  "The Sixth Amendment recognizes the right to assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." *Id.* at 685.  A deficient performance requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.

To prevail on the prejudice prong of a claim of ineffective assistance of counsel, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669.  In order to show cause for prejudice, a Defendant must demonstrate that the outcome would reasonably likely have been different absent counsel's errors.  *See Schad v. Ryan*, 595 F.3d 907, 917 (9th Cir. 2010).

In this case, Defendant asserts that he was denied effective assistance of counsel because of a number of tactical decisions made by his trial counsel, including the decision whether to file motions, the decision whether to make an objection or an argument, and the decision whether to present evidence.  The Court has reviewed the record in its entirety and finds that trial counsel effectively represented the Defendant in this case.  Defendant's arrest at the port of entry driving a van he admittedly purchased and falsely registered with an illegal alien in a specially-built compartment limited the arguments and evidence available to defense counsel.  The record in this case conclusively shows that the tactical decisions of trial counsel regarding objections and presentation of evidence were reasonably and competently made. *See Strickland*, 466 U.S. at 690.

"Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Id.* at 691.  Defense counsel is expected to have done "some investigation into the prosecution's case and into various defense

strategies." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). However, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 961. In this case, Defendant does not point to any investigation of third party culpability that the defense counsel failed to complete or that could have affected the outcome of this case.

Finally, Defendant contends that his rights under the Sixth Amendment were violated on the grounds that his trial counsel was a former prosecutor and that there was a breakdown in communications. In order to demonstrate a violation of his Sixth Amendment rights, the Defendant must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). In this case, the record conclusively establishes that defense counsel actively and aggressively litigated all issues within the boundaries of his professional judgment. There is no basis to conclude that his former employment influenced any aspect of the litigation. The record further demonstrates that the communication issues between attorney and client were fully addressed and resolved by the Court.

The Court concludes that representation by trial counsel fell well within the range of reasonable professional assistance and that there are no grounds to conclude that the Defendant's conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and in violation of the Sixth Amendment. *See Thomas*, 417 F.3d at 1056.

3) total lack of evidence

Defendant contends that the motion to vacate his conviction should be granted on the grounds that "[t]he total lack of evidence shows [] the defendant did not know the alien had crawled into his car and the [] defendant ever received any remuneration." (ECF No. 63 at 13). The Court finds that this grounds for relief could have been raised on direct appeal. No showing of cause or prejudice have been made. These claims are foreclosed as a grounds for relief under Section 2255 except in the context of a claim for ineffective assistance of counsel.

1 *See Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975) ("Grounds which were apparent on original appeal cannot be made the basis for a second attack under § 2255.").

4) <u>Ineffective Assistance of Appellate Counsel</u>

Defendant contends that his appellate counsel was ineffective in not raising all issues on appeal and not conducting a thorough investigation. Defendant asserts that his counsel on appeal failed to address many issues including: lost evidence when it was in fact non-existent; denial of the Rule 29 motion for acquittal without reason by the court; court's failure to rule on 404(b) and 609 evidence; violation of Defendant's right to exclude poverty evidence; third party culpability; prosecutorial misconduct; release of the material witness; expert testimony by Agent Ramos; Brady claims; failure to receive grand jury transcripts; failure to challenge the indictment as defective; altered photos by the prosecutor; unavailability of the material witness for rebuttal testimony; failure of the government to address the element of defendant's knowledge; and failure to address ineffective assistance of trial counsel. (ECF No. 63 at 14-15). Defendant further asserts that his appellate counsel failed to investigate "pre-trial transcripts which pointed out mis-leading testimony." *Id*. at 15.

The Government asserts that Defendant's appellate counsel made reasonable decisions regarding the issues to raise on appeal. The Government submits the declaration of appellate counsel specifically addressing his decision to raise certain issues on appeal and not to raise others.

Defendant must show that the decisions made by his appellate counsel were "objectively unreasonable" and a "reasonable probability that, but for his counsel's unreasonable [decisions]..., he would have prevailed on appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland*, 466 U.S. at 694).

The Court has reviewed the record in its entirety and concludes that the Defendant has failed to make a showing that his appellate counsel acted objectively unreasonable or that he was prejudiced by any of the decision made by his appellate counsel. The record conclusively shows that decisions made by appellate counsel that certain issues were frivolous, and that other issues were not a basis for appeal, were well within the range of acceptable professional

assistance. The record further shows that appellate counsel filed an appeal raising issues which counsel felt had the best chance for success. Finally, the court finds that the Defendant has not made a showing that any issues not raised by his appellate counsel could have reasonably produced a different result in this case.

5) <u>Abuse of Discretion</u>

Defendant contends that the trial court made numerous errors which require his release including allowing a failure of proof, allowing improper witness testimony and the admission of improper exhibits, and imposing an improper sentence.

The Court finds that each of the grounds raised relating to errors by the Court at trial could have been raised on direct appeal. No showing of cause or prejudice have been made. These claims are foreclosed as a grounds for relief under Section 2255 except in the context of a claim for ineffective assistance of counsel. *See Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975) ("Grounds which were apparent on original appeal cannot be made the basis for a second attack under § 2255."). The Court has considered each of these claims of error in the context of the claim of ineffective assistance of trial counsel and appellate counsel and has found that counsel acted objectively reasonably in each instance.

## CONCLUSION

The Court has examined Defendant's legal arguments and the entire factual record in support of his motion to vacate judgment, set aside or correct conviction and sentence pursuant to 28 U.S.C. § 2255. Where "the motion and the files and records of the case conclusively show the prisoner is entitled to no relief," the Court may deny Defendant's request for an evidentiary hearing. *See* 28 U.S.C. § 2255. Based upon the record in this case, the Court concludes that there are no material facts in dispute and an evidentiary hearing is not required. Based upon the record, the Court concludes that there are no grounds upon which Defendant is entitled to prevail.

IT IS HEREBY ORDERED that 1) the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 63) is denied;  2) the motion for return of property, (ECF No. 81) is denied;  3) the motion to amend and supplement pursuant to Rule 15(c)(2) of

the Federal Rules of Civil Procedure (ECF No. 83) is granted and relief under Section 2255 is denied; and 4) the motion to amend and supplement pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure (ECF No. 88) is granted and relief under Section 2255 is denied.

DATED: September 22, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

