FILED
SEP 11 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>vs.<br>JOHN EDWARD EMERSON,<br><br>                      Defendant. | CASE NO. 06cr1431 WQH<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the motion for an order to U. S. Probation to produce a copy of the Defendant's Presentence Report and other documents filed by the Defendant John Edward Emerson. (ECF No. 107).

      On June 19, 2012, the United States Probation Office presented to this Court a Petition for Warrant or Summons for Offender under Supervision. (ECF No. 100).

      On June 20, 2012, this Court issued a bench warrant based upon a finding of probable cause to bring the Defendant before the Court to show cause why supervised release should not be revoked for the alleged violations, including committing a battery on a spouse and grand theft. (ECF No. 101).

      On July 23, 2012, the Defendant was arrested pursuant to the bench warrant.

      On July 23, 2012, Defendant appeared before the Magistrate Judge for a preliminary hearing as provided in Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure. Counsel

was appointed for the Defendant and the matter was set for preliminary hearing on August 7, 2012. (ECF No. 103).

On August 7, 2012, Defendant appeared before the Magistrate Judge for a preliminary hearing. Counsel for the Defendant requested a continuance and the Magistrate Judge reset the preliminary hearing for September 4, 2012. (ECF No. 105).

On September 4, 2012, the defense moved to continue the preliminary hearing and the Magistrate Judge reset the preliminary hearing to October 9, 2012. (ECF No. 108).

Defendant moves the Court for an order directing the United States Probation Office to produce to his counsel a copy of the Presentence Report and any and all documents relating to the alleged violations of supervised release. Defendant asserts that he is entitled to disclosure of the evidence so that he can "properly defended against these allegations." (ECF. No. 107).

In this case, the Defendant was arrested in the district and taken without unnecessary delay before a magistrate judge for an initial appearance. Rule 32.1(b) of the Federal Rules of Criminal Procedure provides for a preliminary hearing and a revocation hearing as follows:

> (1) Preliminary Hearing.
> (A) In General. If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. The person may waive the hearing.
> (B) Requirements. The hearing must be recorded by a court reporter or by a suitable recording device. The judge must give the person:
> (i) notice of the hearing and its purpose, the alleged violation, and the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel;
> (ii) an opportunity to appear at the hearing and present evidence; and
> (iii) upon request, an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear.
>
> (2) Revocation Hearing. Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. The person is entitled to:
> (A) written notice of the alleged violation;
> (B) disclosure of the evidence against the person;
> (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;
> (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and
> (E) an opportunity to make a statement and present any information in

mitigation.

Fed. R. Crim. P. 32.1(b).

Pursuant to Rule 32.1(b)(1), the Magistrate Judge shall "promptly conduct a [preliminary] hearing to determine whether there is probable cause to believe that a violation occurred." Rule 32.1(b)(2) provides for the disclosure of evidence at the revocation hearing. Defendant's motion to compel discovery prior to the completion of the preliminary hearing is denied.

IT IS HEREBY ORDERED that the motion for an order to U. S. Probation to produce a copy of the Defendant's Presentence Report and other documents (ECF No. 107) is granted as to a copy of the Presentence Report and denied as to all other documents at this stage in the proceedings.

Dated: 9/5/12

*[signature]*

WILLIAM Q. HAYES
United States District Judge